<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **DIGRETA DOMI**, <br><br> Plaintiff, <br><br> v. <br><br> **PFIZER INC.**, <br><br> Defendant. | Civil Action No. 25-16421 (ZNQ) (JTQ) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

  **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Pfizer Inc. ("Defendant"). ("Motion," ECF No. 9.) Defendant filed a Memorandum in support of its Motion. ("Moving Br.," ECF No. 9-2.) *Pro se* Plaintiff Digreta Domi ("Plaintiff") opposed the Motion ("Opp.," ECF No. 11), and Defendant replied ("Reply," ECF No. 12).

  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion to Dismiss.

**I.  <u>BACKGROUND AND PROCEDURAL HISTORY[1]</u>**

  On May 20, 2021, Plaintiff interviewed for a Project Manager role with Defendant. (Am. Compl. at 1.) The interview was scheduled through The Judge Group, a recruiting agency. (*Id.*) After the interview, Plaintiff sent a thank-you email and submitted several follow-up questions to

---

[1] For the purposes of this motion, the Court assumes as true the facts alleged in the Amended Complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Defendant via The Judge Group.  (*Id.* at 2.)  Despite her outreach, Plaintiff did not receive any follow-up communication from Defendant.  (*Id.*)  Plaintiff ultimately did not receive an offer for the vacancy.  (*Id.*)

On May 23, 2025, Plaintiff filed suit in the Superior Court of New Jersey, and on October 9, 2025, Pfizer removed it to this Court based on diversity.  (*See* ECF No. 1.)  Thereafter, Plaintiff filed the Amended Complaint on October 28, 2025.  (*See* ECF No. 6.)  In the Amended Complaint, Plaintiff asserts three claims: (1) breach of implied contract; (2) "[h]arassment / [e]motional [d]istress"; and (3) "[p]attern of [c]onduct / [j]udicial [n]otice of [r]elated [c]ases."  (*Id.* at 3.)

## II.    SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the value of their dispute exceeds $75,000.

## III.    LEGAL STANDARD

Rule 8(a)(2) requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." 4 Fed. R. Civ. P. 8(a)(2).  This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

When considering a motion to dismiss, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  The court,

however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

The district court's role in reviewing the sufficiency of the complaint is simple: it does not determine "whether the plaintiffs will ultimately prevail," but rather "whether they are entitled to offer evidence to support their claims." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

IV.     **DISCUSSION**

     A.     **BREACH OF CONTRACT**

Plaintiff first asserts a claim for breach of implied contract. (*See* Am. Compl. at 3.) Defendant argues that no contract ever existed between the parties. (*See* Moving Br. at 12–14.)

To state a claim for breach of contract under New Jersey law, a plaintiff must plead (1) the existence of a valid contract; (2) that plaintiff performed under the contract; (3) the defendant's breach of the contract; and (4) damages resulting from the breach. *See Pollack v. Quick Quality Rests., Inc.*, 172 A.3d 568, 576 (N.J. App. Div. 2017). To survive a motion to dismiss, "a mere recital of the elements themselves will not suffice." *Yapak, LLC v. Mass. Bay Ins. Co.*, Civ. No. 09-3370, 2009 WL 3366464, at *2 (D.N.J. Oct. 16, 2009). "Under New Jersey law, a complaint

3

alleging breach of contract must, at a minimum, identify the contracts and provisions breached." *Eprotec Pres., Inc. v. Eng'red Materials, Inc.*, Civ. No. 10-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011). "Failure to allege the specific provisions of contracts breached is grounds for dismissal." *Id.*; *see also Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached.") (citation omitted).

Implied-in-fact contracts "are formed by conditions manifested by words and inferred from circumstances, thus entailing consideration of factors such as oral representations, employee manuals, and party conduct." *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 722 (N.J. 2007). To form an implied contract, a plaintiff must demonstrate "mutual assent" of the parties. *See In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, Civ. No. 19-2904, 2021 WL 5937742, at *19 (D.N.J. Dec. 16, 2021) ("Mutual assent is an essential element of an implied contract claim . . . .").

Here, Plaintiff baldly asserts that some sort of implied contract existed between her and Defendant. Plaintiff merely alleges that "Defendant created an implied [contract] of serious consideration by engaging in a formal interview and collecting professional references." (Am. Compl. at 3.) Plaintiff does not point to any oral representations made during her interview. *See Iliadis*, 922 A.2d at 722. Plaintiff does not include any references to Defendant's employee manuals or any internal documents supporting her claims. *See id.*; *Longenecker-Wells v. Benecard Servs. Inc.*, 658 Fed. Appx. 659, 663 (3d Cir. 2016) (plaintiffs' failure to plead any company-specific documents or policies indicated no implied contract existed between the parties). "Merely claiming that an implied contract arose 'from the course of conduct' between Plaintiff[] and [Defendant] is insufficient to defeat a motion to dismiss." *Longenecker-Wells*, 658 Fed. Appx.

4

at 663.  As such, Plaintiff has not plausibly pled the existence of a contract between her and Defendant.  Plaintiff's breach of contract claim will therefore be **DISMISSED**.[2]

## B.   HARASSMENT/EMOTIONAL DISTRESS

Plaintiff next alleges a claim for "harassment / emotional distress."[3]  (*See* Am. Compl. at 3.)  Regardless of whether Plaintiff attempts to assert a claim for intentional infliction of emotional distress ("IIED") or negligent infliction of emotional distress ("NIED"), Plaintiff states neither.

IIED "consists of 'extreme and outrageous conduct [which] intentionally or recklessly causes severe emotional distress to another.'" *Lingar v. Live-In Companions, Inc.*, 300 N.J. Super. 22, 34 (App. Div. 1997) (citing *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (1988)) (quoting Restatement (Second) of Torts § 46 (1965)).  To assert a valid IIED claim, a plaintiff must allege the following elements: (1) conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" (2) a deliberate act, committed with the intent to cause emotional distress or with deliberate disregard of a high probability that emotional distress would occur; (3) proximately causing emotional distress that is "so severe that no reasonable man could be expected to endure it." *Buckley*, 111 N.J. at 366 (quoting Restatement (Second) of Torts § 46, cmts. d and j (1965)); *see also Green v. City of Paterson*, 971 F. Supp. 891, 911 (D.N.J. 1997).

---

[2] Plaintiff vaguely asserts a claim for promissory estoppel for the first time in her Opposition Brief.  (*See* Opp'n Br. at 7–8.)  This claim is notably absent from the Amended Complaint.  Plaintiff cannot amend her Amended Complaint through her opposition to a motion to dismiss.  *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  As such, the Court does not address the merits of Plaintiff's unpled promissory estoppel claim.

[3] Plaintiff's Amended Complaint does not explicitly state that she is pursuing a claim for IIED or NIED.  Instead, Plaintiff broadly asserts a claim for "emotional distress."  In the Opposition Brief, Plaintiff clarifies that she is asserting claims for IIED and NIED.  (*See* Opp'n. Br. at 4–6.)  Defendant interpreted Plaintiff's Amended Complaint to include a claim for harassment in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* ("LAD").  (*See* Moving Br. at 4–6.)  Because Plaintiff specifically clarified in her Opposition Brief that she is not pleading "any statutory discrimination claim under . . . [LAD]," the Court need not address the merits of Defendant's argument on this point.  (*See* Opp'n Br. at 2, 3, 4, 5.)

IIED requires "an elevated threshold" which is "satisfied only in extreme cases." *Ingraham v. Ortho-McNeil Pharm.*, 422 N.J. Super. 12, 21 (App. Div. 2011).

In addition, a plaintiff must plead severe emotional distress amount to "severe and disabling emotional or mental condition[s] which may be generally recognized and diagnosed by trained professionals." *Turner v. Wong*, 832 A.2d 340, 348 (N.J. App. Div. 2003). A plaintiff must plead something more than "[m]ere allegations of 'aggravation, embarrassment, an unspecified number of headaches, and loss of sleep.'" *Id.* (quoting *Buckley*, 544 A.2d at 864); *see also Krugman v. Mazie Slater Katz & Freeman, LLC*, Civ. No. A-2611-13, 2015 WL 1880073, at *8 (N.J. App. Div. Apr. 27, 2015) (dismissing plaintiff's claim for IIED, in part, for failure to plead how the alleged conduct affected her life or daily routine).

Similarly, to state a claim for NIED, a plaintiff must plead "negligent conduct that is the proximate cause of emotional distress in a person to whom the actor owes a legal duty to exercise reasonable care." *Decker v. Princeton Packet, Inc.*, 116 N.J. 418, 429 (1989).

Here, the Court can dispose of Plaintiff's emotional distress claims quickly. The Amended Complaint contains a very brief recounting of the facts. Plaintiff merely alleges that she had an interview with Defendant, she sent follow-up questions and a thank-you to Defendant, and never heard back from them. Such is insufficient to state a valid emotional distress claim. Plaintiff hardly describes any outrageous or extreme character. Applicants are rejected from job vacancies every day. This custom hardly goes beyond "all possible bounds of decency," nor is it "atrocious" or "utterly intolerable." *See Buckley*, 111 N.J. at 366. Furthermore, as to IIED, Plaintiff does not allege a deliberate act, let alone one that Defendant committed with the intent to cause severe emotional distress. *See id.*

In New Jersey, the "emotional stress suffered by the plaintiff must be 'so severe that no reasonable man could be expected to endure it.'" *Moran v. DaVita*, 441 F. App'x 942, 947 (3d Cir. 2011) (quoting *Buckley*, 111 N.J. at 366) (quoting *Restatement (Second) of Torts* § 46 cmt. j)). Reasonable persons suffer from "employee ghosting" so frequently it has become an industry term.[4]   Plaintiff's allegations are bare, conclusory, and fall woefully short of the severe distress standard.   There are simply no allegations or facts that actually illustrate or explain the severe emotional distress Plaintiff suffered.

Even if the Court were to ignore that Plaintiff has failed to plead a sufficient IIED or NIED claim, Plaintiff cannot avoid the two-year statute of limitations applicable to IIED and NIED claims. *See Webster v. Dolgencorp, LLC*, Civ. No. 13-690, 2013 WL 4501461, at *6 (D.N.J. Aug. 22, 2013) (citing N.J.S.A. § 2A:14-2).  Plaintiff's last interaction with Defendant was when she interviewed for the vacancy on May 20, 2021—a date far outside the two-year statute of limitations.  Because Plaintiff does not indicate that equitable tolling applies, Plaintiff's emotional distress claim is time-barred.  Accordingly, the Court will dismiss this claim with prejudice.

### C.  PATTERN OF CONDUCT/JUDICIAL NOTICE OF RELATED CASES

Plaintiff also purports to assert a claim for "[p]attern of [c]onduct / [j]uicial [n]otice of [r]elated [c]ases." (*See* Am. Compl. at 3.)  In the Amended Complaint, Plaintiff cites three other actions in which she is suing Defendant.  (*See id.* (citing SOM-L-746-25; SOM-L-744-25, and 3:25-cv-12197).)  Plaintiff cannot assert a stand-alone "pattern or practice" claim of discrimination in her single-plaintiff action.  *See Roberson v. Post Commercial Real Estate LLC*, Civ. No. 13-6730, 2015 WL 2118158, at *3 (E.D. Pa. May 1, 2015) ("every . . . circuit to consider the issue has concluded that 'pattern or practice' claims are only available in the class action context")

---

[4] *See* https://www.business.com/articles/employee-ghosting/.

(citations omitted); *Duffy v. Sodexho, Inc.*, Civ. No. 05-5428, 2008 WL 4919399, at *16 (E.D. Pa. Nov. 17, 2008) (indicating that plaintiffs cannot allege a pattern and practice claim without class certification).

The Court has reviewed the operative pleadings in Plaintiff's other co-pending suit against Defendant and compared them to the pleadings in this one. Based on that review, the Court finds that there are sufficiently common questions of law and fact that it is appropriate to exercise its discretion to order that these matters be consolidated. *See* Fed. R. Civ. P. 42(a)(2); *Hall v. Hall*, 584 U.S. 59, 77 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). The Court will therefore order that 25-cv-12197 and this matter be consolidated under 25-cv-12197, that this matter be closed, and that the parties proceed in 25-cv-12197.

## V.    **CONCLUSION**

For the reasons stated above, the Court will **GRANT** Defendant's Motion to Dismiss. Plaintiff's claim for harassment/emotional distress will be **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims will be **DISMISSED WITHOUT PREJUDICE**. The co-pending matters will be consolidated, and Plaintiff will be given leave to file a Second Amended Complaint in 25-cv-12197 within 30 days. An appropriate Order will follow.

Date: June 16, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**